## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS
## AT TOPEKA

| | | |
|---|---|---|
| Paz Sanchez | ) | |
| 1006 North C Street | ) | |
| Arkansas City, KS 67005 | ) | |
| | ) | |
|   -and- | ) | |
| | ) | Case No.  11-4037-EFM-KGG |
| Elvis Posadas | ) | |
| 1006 North C Street | ) | |
| Arkansas City, KS 67005 | ) | |
| | ) | |
| On Behalf of Themselves and | ) | |
| All Others Similarly Situated, | ) | |
| | ) | |
|      Plaintiffs; | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| Creekstone Farms Premium Beef, LLC | ) | **Jury Demanded** |
| Registered Agent: | ) | |
| Mike Doyle | ) | |
| 604 Goff Industrial Park Road | ) | |
|  Arkansas City, KS 67005 | ) | |
| | ) | |
|      Defendant. | ) | |

## COMPLAINT
### Collective and Class Action Claims

**COME NOW** the Plaintiffs, Paz Sanchez and Elvis Posadas, on behalf of themselves and all others similarly situated, by and through counsel, and hereby set forth their collective action under § 216(b) of the Fair Labor Standards Act ("FLSA") for violations of the FLSA, and their class action under Fed. R. Civ. P. 23 for violations of the Kansas Wage Payment Act ("KWPA"), and in the alternative, for *quantum meruit*, and state as follows:

### PRELIMINARY STATEMENT

1.    Plaintiffs bring this action against Defendant Creekstone Farms Premium Beef, LLC ("Defendant") for unpaid wages, and related penalties and damages.

2.     Defendant's practices and policies have resulted in Defendant willfully failing to properly pay straight time and overtime due and owing to Plaintiffs and all other similarly situated employees in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*  In addition, Plaintiffs bring this action as class representatives of Defendant's hourly meat processing employees for Defendant's failure to pay wages due to Plaintiffs and members of the class in violation of the Kansas Wage Payment Act ("KWPA"), K.S.A. § 44-312 *et seq.*  In the alternative to the KWPA claims, Plaintiffs bring this action as class representatives of Defendant's hourly meat processing employees under the equitable doctrine of *quantum meruit* for Defendant's failure to compensate Plaintiffs and members of the class for their time and services spent for the benefit of the Defendant.

3.     Defendant operates a beef slaughtering and processing plant in Arkansas City, Kansas.

4.     Defendant employs approximately 700 hourly employees at its Arkansas City facility which processes meat products for consumption.

5.     Plaintiffs and other hourly meat processing employees of Defendant have spent time for Defendant's benefit on various tasks, including donning and doffing protective gear, walking to and from production lines, waiting in line for equipment, and waiting at or near their assigned production line when the production line was not running, without being fully compensated for such time.  Such policies and practices of Defendant have resulted in Defendant's failure to pay its hourly meat processing employees for all of their time worked and for overtime wages due.

6.     Defendant's policies and practices, as described herein, including its "gang time" pay policy described below, are similarly applied to all of Defendant's hourly meat processing employees.

7.      Defendant has failed to pay wages and overtime pay to its hourly meat processing employees by failing to pay them for all of their compensable time in violation of the FLSA and the KWPA.   Plaintiffs seek compensation for unpaid straight time and overtime premiums for all hours worked, required, suffered, or permitted by Defendant; compensation for such wages wrongfully withheld; liquidated and/or other damages as permitted by applicable law; and attorneys' fees, costs, and expenses incurred in this action. In the alternative to the KWPA claim, Plaintiffs seek just compensation for their time and services under the doctrine of *quantum meruit.*

## PARTIES

8.      Defendant is a corporation doing business in the State of Kansas with a meat processing facility located in Arkansas City, Cowley County, Kansas.

9.      Plaintiff Paz Sanchez resides in Arkansas City, Cowley County, Kansas.

10.     From approximately May 2003 to March 2011, Plaintiff Sanchez was employed as an hourly employee of the Defendant at Defendant's meat processing facility in Arkansas City, Kansas.   Plaintiff Sanchez and all others similarly situated, for the purposes of this collective and class action, also have performed work as hourly employees of Defendant at that location.

11.     Plaintiff Elvis Posadas resides in Arkansas City, Cowley County, Kansas.

12.     From approximately May, 2003 to November, 2009, Plaintiff Posadas was employed as an hourly employee of the Defendant at Defendant's meat processing facility in Arkansas City, Kansas.   Plaintiff Posadas and all others similarly situated, for the purposes of this collective and class action, also have performed work as hourly employees of Defendant at that location.

## JURISDICTION AND VENUE

13.    This Court has original federal question jurisdiction under 28 U.S.C. § 1331 for the claims brought under the FLSA, 29 U.S.C. § 201, *et seq.*

14.    The United States District Court for the District of Kansas has personal jurisdiction because Defendant conducts business in Cowley County, Kansas, located within this District.

15.    Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), inasmuch as the Defendant has offices, conducts business and can be found in the District of Kansas, and the causes of action set forth herein have arisen and occurred in substantial part in the District of Kansas.  Venue is also proper under 29 U.S.C. § 1132(e)(2) because Defendant has substantial business contacts within the State of Kansas.

16.    The claims for violations of the KWPA are based upon the statutory law of the State of Kansas.  The equitable claims of *quantum meruit* are based upon Kansas law of equity. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367 for these pendant state claims because they arose out of the same nucleus of operative facts as the FLSA claims. Addressing all such claims in this judicial proceeding will provide judicial economy, fairness and convenience for the parties. The liability evidence establishing all of causes of action will be similar and none will predominant nor create unmanageable confusion to a jury.

17.    The claims for violations of the KWPA are based on "wages due" from the Defendant to the Plaintiffs.   Among the bases of such wages being due are the substantive requirements of the FLSA.  Thus, in addition to supplemental jurisdiction over the state law claims, pursuant to 28 U.S.C. § 1331 this court has original subject matter jurisdiction over the federal FLSA questions involved in the KWPA claims.

**COUNT I**
**FLSA Claims**

18.     Plaintiffs hereby incorporate the allegations set forth above.

19.     While employed by Defendant, Plaintiff Sanchez performed work as an hourly meat processing employee at Defendant's Arkansas City meat processing facility.

20.     While employed by Defendant, Plaintiff Posadas performed work as an hourly meat processing employee at Defendant's Arkansas City meat processing facility.

21.     During the Plaintiffs' employment with the Defendant, the Defendant employed numerous other individuals who had similar job duties as hourly meat processing employees with a similar compensation structure as the Plaintiffs. Said other hourly meat processing employees also worked at Defendant's Arkansas City, Kansas location (the putative collective and class action plaintiffs).

22.     Plaintiffs bring their FLSA claims as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons who were, are, or will be employed by the Defendant as hourly meat processing employees within three years from the commencement of this action who have not been compensated for all straight time and overtime premiums for all hours for which they suffered or were permitted to work.

23.     Plaintiffs bring their FLSA claims as an "opt-in" collective action pursuant to Section 16 of the FLSA, 29 U.S.C. § 216(b), on behalf of themselves and on behalf of all similarly situated putative plaintiffs of the collective action.

24.     Plaintiffs and the putative plaintiffs are similarly situated in that they have been subjected to Defendant's common practices or policies of refusing to pay straight time and overtime for all hours worked in violation of the FLSA.

25.     The names and addresses of the putative plaintiffs are available from the Defendant. To the extent required by law, Plaintiffs will seek notice to be provided to said individuals

via First Class Mail and/or by the use of techniques and a form of notice similar to those customarily used in collective FLSA actions.

26.   At all times relevant herein, Defendant has had gross operating revenues in excess of $500,000.00 (Five Hundred Thousand Dollars) annually.

27.   The FLSA requires each covered employer to compensate all employees for all hours suffered or permitted to work and to pay overtime premiums at a rate of not less than one and one-half the regular rate of pay for work performed in excess of forty hours in a workweek.

28.   At all relevant times, Defendant has had a policy and practice of paying hourly meat processing employees based on a principle of "gang time." Pursuant to Defendant's gang time compensation system, hourly meat processing employees were typically paid only for the time that their respectively assigned meat processing production lines were running, along with pay for an additional ten minutes per day for "dress time."

29.   Defendant's gang time policies have resulted in a substantial difference between the amount of time for which Defendant's hourly meat processing employees were compensated and the amount of their compensable time as required by law, resulting in Defendant's failure to pay hourly meat processing employees for all compensable time, including the failure to pay overtime as required by the FLSA.

30.   More generally, the Defendant has failed to compensate Plaintiffs and all other similarly situated employees for all hours worked, and therefore, Defendant has violated, and continues to violate, the FLSA, 29 U.S.C. § 201, *et seq.*

31.   The foregoing conduct, as alleged herein, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

32.     Plaintiffs, on behalf of themselves and all similarly situated employees of Defendant, seek damages in the amount of all respective unpaid straight time with overtime compensation at a rate of one and one-half times the regular rate of pay for work performed in excess of forty hours in a work week, plus liquidated damages, as provided by the FLSA, 29 U.S.C. § 216(b), and such other legal and equitable relief as the Court deems just and proper.

33.     Plaintiffs, on behalf of themselves and all similarly situated employees of Defendant, seek recovery of all attorney fees, costs, and expenses of this action, to be paid by Defendant, as provided by the FLSA, 29 U.S.C. § 216(b).

**WHEREFORE**, Plaintiffs, on behalf of themselves and all proposed members of the FLSA representative action, pray for relief as follows:

a.      Designation of this action as a collective action on behalf of the proposed members of the FLSA representative action and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action and permitting them to assert timely FLSA claims in this action by filing individual Consents To Sue pursuant to U.S.C. § 216(b);

b.      Designation of Plaintiffs Paz Sanchez and Elvis Posadas as Representative Plaintiffs of the putative members of the FLSA collective action;

c.      A declaratory judgment that the practices complained of herein are unlawful under the FLSA, 29 U.S.C. § 201, *et seq.*;

d.      An award of damages for straight time and overtime compensation due for the Plaintiffs and the putative members of the collective actions, including liquidated damages, to be paid by Defendant;

e.     Costs and expenses of this action incurred herein, including reasonable attorneys fees and expert fees;

f.     Pre-Judgment and Post-Judgment interest, as provided by law; and

g.     Any and all such other and further legal and equitable relief as this Court deems necessary, just and proper.

### COUNT II
### KWPA Claims

34.     Plaintiffs hereby incorporate the allegations set forth above.

35.     The Plaintiffs bring their claims for Defendant's violations of the KWPA as a class action pursuant to Fed. Rule Civ. P. 23 on behalf of themselves and as representatives of the following class:

> All current and former hourly meat processing employees of Defendant who worked at Defendant's Arkansas City facility in the past three years and who were subject to Defendant's "gang time" and other policies and practices resulting in Defendant's failure to compensate them for all of their compensable time.

36.     At all relevant times, Defendant has been an "employer" within the meaning of the KWPA, K.S.A. § 44-313(a).

37.     At all relevant times, Defendant has employed, and continues to employ, "employees," within the meaning of the KWPA § 44-313(b), including the Plaintiffs and all others similarly situated.

38.     The Plaintiffs, on behalf of themselves and all others similarly situated, bring a claim for Defendant's violation of the KWPA, K.S.A. § 44-312 *et seq*.

39.     At all relevant times, Defendant has had a policy and practice of failing to pay its hourly meat processing employees for work performed by failing to pay such employees all wages due in violation of the KWPA, K.S.A. § 44-314.

40.    For purposes of the KWPA, such wages were due pursuant to the respective agreements between Defendant and its hourly meat processing employees to pay each of them an hourly wage for their work.  In the alternative, such wages were due pursuant to the FLSA and its implementing regulations by the United States Department of Labor.

41.    Such failure to pay Plaintiffs, and all others similarly situated, their wages due has constituted a willful violation of the KWPA, K.S.A. 44-314(b), because such failure to pay wages due benefited Defendant and caused a direct detriment to the Plaintiffs, and all others similarly situated.

42.    Class certification for claims asserted pursuant to the KWPA is appropriate pursuant to Fed. R. Civ. P. 23(a) in that:

    a.    The members of the class are so numerous that joinder of all members is impracticable.  The exact number of class members is unknown to Plaintiffs at the present time but is believed to be approximately 700;

    b.    There are questions of law and fact arising in this action which are common to Plaintiffs and members of the class, including: (i) Whether Defendant's pay policies and practices for its hourly meat processing employees violate their compensation rights under KWPA, K.S.A. § 44-313 *et seq*.; (ii) Whether Defendant has violated the KWPA due to Defendant's failure to pay wages due to its hourly meat processing employees pursuant to the statutory and regulatory requirements of the FLSA; (iii) Whether Defendant has violated the KWPA due to Defendant's failure to pay wages due to its hourly meat processing employees pursuant to Defendant's agreement to pay each such employee a specified hourly rate for work performed; (iv) Whether Plaintiffs

and other members of the class have suffered damages as a result of Defendant's violations of the KWPA;

c.    The Plaintiffs' claims are typical of the claims of the members of the class. The Plaintiffs were paid under the same policy and procedure as all members of the class. The Plaintiffs and all members of the class sustained damages in the same way, arising out of the same wrongful conduct engaged in by Defendant; and

d.    The Plaintiffs will fairly and adequately protect the interests of the members of the class. Plaintiffs have retained legal counsel who are competent and experienced in class action and complex litigation involving compensation claims. The Plaintiffs have no interests which are adverse to or in conflict with other members of the class.

43.    Class certification of this claim is appropriate under Fed. R. Civ. P. 23(b)(3) because a class action is the superior procedural vehicle for the fair and efficient adjudication of the claims asserted herein given that:

a.    There is minimal interest of members of this class in individually controlling their prosecution of claims that all claims will be similar in nature under the Court's analysis of the Defendant's pay plan and its compliance with this law;

b.    There is no known prior litigation being prosecuted against the Defendant by this class of employees for the claims involved;

c.    It is desirable to concentrate all the litigation of these claims in this form within this Court since all class members work in Kansas and all class members will have the same claims; and

10

      d.     There are no unusual difficulties likely to be encountered in the management of this case as a class action and Plaintiffs and their counsel are not aware of any reason why this case should not proceed as a class action on the claims against Defendant.  Class members can be easily identified from Defendant's business records, enabling class members to have their claims fairly adjudicated by the court or enabling them to opt-out of this class.

44.    The class action mechanism is superior to any alternatives that might exist for the fair and efficient adjudication of this cause of action.  Proceeding as a class action would permit the large number of injured parties to prosecute their common claims in a single forum simultaneously, efficiently, and without unnecessary duplication of evidence, effort, and judicial resources.  A class action is the only practical way to avoid the potentially inconsistent results that numerous individual trials are likely to generate.  Moreover, class treatment is the only realistic means by which Plaintiffs can effectively litigate against a large, well-represented corporate entity such as Defendant.  Numerous repetitive individual actions would also place an enormous burden on the courts as they are forced to take duplicative evidence and decide the same issues relating to Defendant's conduct over and over again.

**WHEREFORE**, the Plaintiffs, on behalf of themselves and all proposed class members, prays for relief as follows:

      a.     Declaring and certifying this action as a proper class action under Fed. R. Civ. P. 23 for the claim that Defendant violated the KWPA and naming the Plaintiffs, Paz Sanchez and Elvis Posadas as proper class representatives;

      b.     Declaring and determining that Defendant has violated the KWPA by failing to properly pay wages due to the Plaintiffs and other members of the class;

c.     Entering judgment in favor of Plaintiffs and the class and against Defendant for amounts respectively due Plaintiffs and other employees of Defendant similarly situated for unpaid wages;

d.     Awarding Plaintiffs and the members of the class the statutory penalty under K.S.A. § 44-315(b) for Defendant's failure to pay them wages due;

e.     Costs and expenses of this action incurred herein, including reasonable attorneys' fees and expert fees;

f.     Pre-Judgment and Post-Judgment interest, as provided by law; and

g.     Any and all such other and further legal and equitable relief as this Court deems necessary, just and proper.

## COUNT III
### *Quantum Meruit*

45.    Plaintiffs hereby incorporate the allegations set forth above.

46.    In the alternative to Court II above, Plaintiffs hereby assert a claim for *quantum meruit* on behalf of themselves and as representatives of the following class:

> All current and former hourly meat processing employees of Defendant who worked at Defendant's Arkansas City facility in the past three years and who were subject to Defendant's "gang time" and other policies and practices resulting in Defendant's failure to compensate them for all of their time spent for the benefit of Defendant.

47.    Plaintiffs and members of the proposed class conferred a benefit upon Defendant by performing work and spending time for Defendant's benefit without receiving just compensation in return.

48.    Defendant was aware of the benefit Plaintiffs and members of the proposed class were conferring on Defendant by performing work and spending time for Defendant's benefit without receiving just compensation in return.

49.     Defendant accepted and retained the benefit of Plaintiffs and members of the proposed class performing work and spending time for Defendant's benefit without receiving just compensation in return so that it is inequitable for Defendant to retain such benefit without payment of the value thereof.

50.     There are questions of law and fact arising in this action which are common to Plaintiff and members of the class including:

a.      Whether Plaintiffs and other members of the class are equitably entitled, under the doctrine of *quantum meruit*, to remuneration for their uncompensated time spent performing tasks for the benefit of Defendant at its meat processing facility; and

b.      Whether Defendant has been unjustly enriched by failing and refusing to compensate Plaintiffs and other members of the class for time they spent performing tasks for the benefit of Defendant at its meat processing facility.

**WHEREFORE**, the Plaintiffs, on behalf of themselves and all proposed class members, pray for relief as follows:

a.      Declaring and certifying this action as a proper class action under Fed. R. Civ. P. 23 for Plaintiffs' *quantum meruit* claims against Defendant and naming the Plaintiffs, Paz Sanchez and Elvis Posadas as proper class representatives;

b.      Declaring and determining that Defendant has unjustly retained the benefit of uncompensated services and time of the Plaintiffs and the members of the class;

c.      Entering judgment against Defendant and in favor of Plaintiffs and the class for the *quantum meruit* of their uncompensated services and time;

d.      Costs and expenses of this action incurred herein, including expert fees;

e.     Pre-Judgment and Post-Judgment interest, as provided by law; and

f.     Any and all such other and further equitable relief as this Court deems

necessary, just and proper.

## Demand for Jury Trial

Plaintiffs hereby demand a jury trial on all claims and issues triable by jury.

## Designated Place of Trial

Plaintiffs hereby designate Topeka, Kansas as the place of trial.

Respectfully submitted,

*s/ Michael F. Brady*
Michael F. Brady     KS # 18630
Mark A. Kistler       KS # 17171
**Brady & Associates**
10901 Lowell Ave., Ste. 280
Overland Park, KS  66210
Tel: (913) 696-0925
Fax: (913) 696-0468
brady@mbradylaw.com
mkistler@mbradylaw.com
**ATTORNEYS FOR PLAINTIFFS**