# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

PAZ SANCHEZ and ELVIS POSADAS, )
on Behalf of Themselves and All Others )
Similarly Situated, )
                                          Plaintiffs, )
 
vs. ) Case No. 11-4037-KGG
 
CREEKSTONE FARMS PREMIUM )
BEEF, LLC, )
                                         Defendant. )

## MEMORANDUM AND ORDER

Before the Court is Plaintiffs' motion for a Protective Order "prohibiting Defendant from seeking discovery on issues related to the immigration status of Plaintiffs or any opt-in plaintiffs in this action." (Doc. 21, at 1.) Defendant concedes that this information may not be sought in Plaintiffs' FLSA and pendant state law claims, but it is relevant to Plaintiff's equitable, state law claim for unjust enrichment. (*See* Doc. 30.) For reasons set forth below, Plaintiff's motion is **GRANTED**.

## BACKGROUND

The named Plaintiffs are former employees who were paid an hourly wage

for their work at Defendant's meat processing facility in Arkansas City, Kansas. (*See* Doc. 1, at 3.)  Plaintiffs filed their class action Complaint on April 6, 2011, on behalf of themselves and "all others similarly situated . . . [who] have performed work as hourly employees of Defendant at that location," alleging violations of the Fair Labor Standards Act, 29 U.S. C. §216(b), "on behalf of all persons who were, are, or will be employed by the Defendant as hourly meat processing employees . . . who have not been compensated for all straight time and overtime premiums for all hours for which they suffered or were permitted to work."  (Doc. 1, at 5.)  The Complaint includes a provision for opt-in Plaintiffs.  (*Id*.)

Plaintiffs also bring a pendant state law class action claim for "policies and practices resulting in Defendant's failure to compensate them for all of their compensable time" pursuant to the K.W.P.A., K.S.A. §44-312, *et seq*.  (*Id*., at 8-12.)  Finally, as an alternative to the K.W.P.A. claim, Plaintiffs bring an equitable state law *quantum meruit* claim for unjust enrichment.  (*Id*., at 12-14.)

It is undisputed that the named Plaintiffs are immigrants from El Salvador who speak Spanish as their primary language.  (Doc. 22, at 2.)  Plaintiff argues that the discovery requests at issue seek "exactly the types of information related to immigration status that court after court has ruled to be out of bounds in FLSA actions such as this."  (*Id*., at 2-3.)  Interrogatory No. 1 requests Plaintiff's

"complete background information," including

> your present and full name, other names you have used or by which you have been known, present address, how long you have lived there, telephone number, date and place of birth, social security number, present marital status, length of marriage, whether you have been married before, and if so, the full name of your ex-spouse(s) and length of said marriage(s).

(Doc. 22-2, at 5.)  Also at issue is Request for Production No. 10, which seeks

> Your federal and state tax returns, including schedules and attachments, for the past five (5) years. If you do not have copies of your federal and state tax returns, including schedules and attachments, an official form for obtaining those returns is being provided to you with this request.

(Doc. 22-4, at 6.)

## **DISCUSSION**

Fed. R. Civ. P. 26(b) states that "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." "'Discovery relevance is minimal relevance,' which means it is possible and reasonably calculated that the request will lead to the discovery of admissible evidence." ***Teichgraeber v. Memorial Union Corp. of Emporia State University***, 932 F.Supp. 1263, 1265 (D. Kan. 1996) (internal citation omitted).  "Relevance is

3

broadly construed at the discovery stage of the litigation and a request for discovery should be considered relevant if there is any possibility the information sought may be relevant to the subject matter of the action." *Smith v. MCI Telecommunications Corp.*, 137 F.R.D. 25, 27 (D.Kan.1991).

Discovery requests must be relevant on their face. *Williams v. Bd. of County Comm'rs*, 192 F.R.D. 698, 705 (D. Kan. 2000). Once this low burden of relevance is established, the legal burden regarding the defense of a motion to compel resides with the party opposing the discovery request. *See Swackhammer v. Sprint Corp. PCS*, 225 F.R.D. 658, 661, 662, 666 (D. Kan. 2004) (stating that the party resisting a discovery request based on overbreadth, vagueness, ambiguity, or undue burden/expense objections bears the burden to support the objections); *Cont'l Ill. Nat'l Bank & Trust Co. of Chicago v. Caton*, 136 F.R.D. 682, 685 (D. Kan. 1991) (stating that a party resisting a discovery request based on relevancy grounds bears the burden of explaining how "each discovery request is irrelevant, not reasonably calculated to the discovery of admissible evidence, or burdensome"); *Sonnino v. Univ. of Kan. Hosp. Auth.*, 221 F.R.D. 661, 670-71 (D. Kan. 2004); *see also, Allianz Ins. Co. v. Surface Specialties, Inc.*, No. 03-2470-CM-DJW, 2005 WL 44534, at *2 (D.Kan. Jan. 7, 2005) (internal citation omitted). However, "[w]hen 'relevancy is not apparent, it is the burden of the party seeking

discovery to show the relevancy of the discovery request.'" *Dean*, 2002 WL 1377729, at *2 (citing *Steil v. Humana Kansas City, Inc.*, 197 F.R.D. 442, 445 (D. Kan. 2000)).

The parties do not dispute the underlying relevance of the discovery *per se*. Rather, Plaintiff contends that the information has been requested in an effort to threaten, intimidate, and "strik[e] terror" into Plaintiffs. (Doc. 22, at 4-5.)

Fed.R.Civ.P. 26(c) provides that a party from whom discovery is sought may move for a protective order" to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . ." Two of the stated potential results of a protective order are "forbidding the disclosure or discovery" and "forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters." Fed.R.Civ.P. 26(c)(1)(A), (D).

Plaintiff is correct that federal courts have routinely disallowed discovery related to the immigration status of plaintiffs bringing claims under the FLSA.

> [T]he information Defendants seek, namely information relating to Plaintiffs' immigration status, has no bearing on the underlying issue of this case: whether Plaintiffs are entitled to recover unpaid wages for work already performed under the FLSA.  Furthermore, while such information may be relevant to assessing Plaintiffs' credibility, the Court, like others, finds that 'the damage and prejudice which would result to Plaintiffs if discovery into their immigration status is permitted *far* outweighs whatever minimal legitimate value such

material holds for Defendants.'

*Garcia v. Palomino, Inc*., No. 09-2115-EFM, 2010 WL 5149280, at *1 (D.Kan. Dec. 13, 2010) (quoting *Galaviz–Zamora v. Brady Farms, Inc*., 230 F.R.D. 499, 502 (W.D. Mich.2005) (emphasis in original); *accord* *De La O v. Arnold–Williams*, 2006 WL 6494873, at *3 (E.D. Wash. Oct. 20, 2006).

The Court is mindful of Defendant's argument that the information requested has potential relevance to its "unclean hands" defense to Plaintiff's equitable, state law claim for unjust enrichment.  (*See generally* Doc. 30.)  Even so, the Court finds that any benefit to Defendant would be far outweighed by "'the damage and prejudice which would result to Plaintiffs if discovery into their immigration status is permitted . . . .'" *Id*.  As such, Plaintiff's motion is **GRANTED**.

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion for Protective Order (Doc. 21) is **GRANTED**.

Dated at Wichita, Kansas, on this 23rd day of November, 2011.

                             S/ KENNETH G. GALE
                             KENNETH G. GALE
                             United States Magistrate Judge