## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

|  |  |
|---|---|
| PAZ SANCHEZ and ELVIS POSADAS, on behalf of themselves and all others similarly situated,<br><br>*Plaintiffs*,<br><br>vs.<br><br>CREEKSTONE FARMS PREMIUM BEEF, LLC,<br><br>*Defendant*. | Case No. 11-4037-EFM-KGG |

## MEMORANDUM AND ORDER

Creekstone Farms Premium Beef ("Defendant") operates a beef slaughtering and processing plant in Arkansas City, Kansas. Paz Sanchez and Elvis Posadas ("Plaintiffs"), on behalf of themselves and all others similarly situated, are previous or current employees of Defendant. Plaintiffs request conditional certification of their claims under § 216(b) of the Fair Labor Standards Act ("FLSA") based on Defendant's "gang time" compensation system. Defendant opposes conditional certification, arguing that the activities of which Plaintiffs complain are not encompassed by the FLSA. However, it is inappropriate for the Court to examine the merits of Plaintiffs' claims at this stage. The Court considers conditional certification under a lenient standard, which Plaintiffs meet. Therefore, the Court grants Plaintiffs' motion for conditional certification.

## I. Background

Plaintiffs claim that Defendant employs a compensation practice called "gang time," wherein Defendant pays its employees for time that product is moving on the line, plus ten minutes to don and doff protective gear. Plaintiffs allege that this practice results in Defendant's routine failure to compensate employees for compensable pre-shift time, unpaid break time, and post-shift time. They state that Defendant's employees are regularly required to perform compensable tasks "off the clock." Plaintiffs filed affidavits in support of these claims.

Plaintiffs request the Court to: "1) make a finding that Plaintiffs have met their burden to demonstrate that all hourly production employees who have been subjected to Defendant's 'gang time' practices at Defendant's Arkansas City, Kansas facility are 'similarly situated' for purposes of this collective action under 29 U.S.C. § 216(b) of the FLSA; 2) conditionally certify a class composed of all hourly production employees who have been subject to Defendant's 'gang time' practices at Defendant's Arkansas City, Kansas facility three years prior to the date the Court conditionally certifies the class to the present; 3) require Defendant to provide Plaintiffs with the names, addresses, and telephone numbers of each of the class members in an easily malleable format, such as Microsoft Excel, in order to assist with the issuance of class notice; 4) approve the Plaintiffs' proposed Notice to putative opt-in plaintiffs; 5) require Defendant to post the Court-approved Notice to putative opt-in plaintiffs, in both English and Spanish, in conspicuous locations where it employs hourly production employees who are subjected to Defendant's gang time practices at its Arkansas City facility; 6) designate Paz Sanchez and Elvis Posadas as class representatives; and [7] approve Plaintiffs' counsel to act as class counsel in this matter."

## II.  Conditional Certification

*A.  The "similarly situated" standard for conditional certification under the FLSA is a lenient one that Plaintiffs meet.*

Conditional certification of a class under the FLSA requires that the employee bringing the action be "similarly situated" to other members of the putative class.[1]  "Although § 216(b) does not define the term "similarly situated," the Tenth Circuit has endorsed the *ad hoc* method of determination."[2]  Under the *ad hoc* method, "a court typically makes an initial 'notice stage' determination of whether plaintiffs are 'similarly situated.'"[3]  "[T]he Court simply decides whether a collective action should be certified for purposes of sending notice of the action to potential class members."[4]  That determination requires "nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy, or plan."[5]

"The standard for certification at the notice stage is lenient and typically permits conditional certification of a representative class."[6]  This is, at least in part, due to the fact that the Court has minimal evidence at this stage.[7]  The Court may choose to consider only pleadings and affidavits

---

[1] 29 U.S.C. § 216(b).

[2] *Thiessen v. Gen. Elec. Capital Corp.,* 267 F.3d 1095, 1105 (10th Cir. 2001).

[3] *Bishop v. Heartland Services, Inc.,* 242 F.R.D. 612, 613 (citing *Thiessen*, 267 F.3d at 1102).

[4] *Hobbs v. Tandem Envtl. Solutions, Inc.,* 2011 WL 484194, at *1 (D. Kan. Feb. 7, 2011) (citing *Brown v. Money Tree Mortg., Inc.,* 222 F.R.D. 676, 679 (D. Kan. 2004)).

[5] *Bishop,* 242 F.R.D. at 614 (internal citations omitted).

[6] *Hobbs,* 2011 WL 484194, at *1.

[7] *Bishop*, 242 F.R.D. at 614.

-3-

filed by the Plaintiff to evaluate whether the Plaintiffs have made "substantial allegations," because it is not yet at the evidence-weighing stage.[8]   The Court will employ a more stringent "similarly situated" standard after the parties have completed discovery.[9]

Here, the Plaintiffs made the required showing for the "notice stage." They made substantial allegations that all hourly production employees subjected to Defendant's "gang time" practices at Defendant's Arkansas City, Kansas facility were together the victims of a single decision, policy, or plan.  Therefore, they are "similarly situated" for purposes of the notice stage of this collective action.  The Court conditionally certifies the class.

*B. The class definition will include all hourly production employees who have been subjected to Defendant's "gang time" practices in Arkansas City.*

Plaintiffs request that the class be defined to include all hourly production employees who have been subjected to Defendant's "gang time" practices at Defendant's Arkansas City, Kansas facility.  Defendant objects to this class definition, and states that it is overly broad because the Plaintiffs have not offered evidence that employees in departments other than the Fabrication Department and Offal Department are paid on a "gang time" basis.  Defendant therefore requests that if the class is certified, that it be certified only as to the Fabrication and Offal Departments.

The Court is not persuaded by Defendant's argument – particularly because Defendant does not actually deny that other Departments are paid on a "gang time" basis.  Plaintiffs' proposed class

---

[8] *Geer v. Challenge Fin. Inv. Corp.*, 2005 WL 2648054, at *2 (D. Kan. Oct. 17, 2005) (referencing *Brown*, 222 F.R.D. at 680).

[9] *Id.*

-4-

definition includes only those employees paid on a "gang time" basis; therefore, if employees in other departments do not meet this definition, they are not in the defined class. At this stage, the certification standard is very lenient. Plaintiffs have made substantial allegations in their pleadings and affidavits to support their proposed definition – and that is all that is required at the notice stage. If discovery reveals that only the Fabrication and Offal Departments are employed on a "gang time" basis, then the Court can revisit the class definition at the later, more stringent stage. At the notice stage, however, the class will include all hourly production employees who have been subjected to Defendant's "gang time" practices at Defendant's Arkansas City, Kansas facility during the time period of three years prior to and through the date of this Order.

### III.  Notice

*A.  Plaintiffs' proposed notice is approved.*

Plaintiffs propose a class notice that is modeled after the Federal Judicial Center's example posted on its website.[10] Defendant does not specifically object to any portion of Plaintiffs' proposed notice.[11] "Under the FLSA, the Court has the power and the duty to ensure fair and accurate notice, but it should not alter plaintiffs' proposed notice unless such alteration is necessary."[12] The proposed notice appears adequate, given that it is based on the FJC's example. Defendants fail to allege that the proposed notice should be altered. Because Defendants do not object to the proposed

---

[10] Federal Judicial Center, http://www.fjc.gov (last visited Jan. 26, 2012).

[11] Defendant objects to what it alleges were Plaintiffs' previous "solicitation of opt-in plaintiffs, over the barbeque grill and with promises of money that 'should have been paid to us.'" However, Defendant does not make a request for relief related to its concerns. The Court will not refuse to approve a proposed notice simply because the Defendant complains of past communications for which it requests no remedy.

[12] *Lewis v. ASAP Land Exp., Inc.,* 2008 WL 2152049, at *2 (D. Kan. May 21, 2008).

notice itself, it is approved.

**B. It is appropriate for the Court to require Defendant to provide Plaintiffs with the names, addresses, and telephone numbers of each of the class members in an easily malleable format to assist with the issuance of class notice.**

Plaintiffs' request for information regarding the class members is made pursuant to Rule 34 of the Federal Rules of Civil Procedure, and is not uncommon at this stage in collective actions.[13] Plaintiffs request this information "to allow for locating class members whose addresses are no longer valid." This and other courts have found that "such information 'may be useful for locating . . . employees.'"[14] Defendant does not explain why such assistance is inappropriate. The Court orders Defendant to provide Plaintiff with the requested information. Plaintiffs are directed to limit their use of the phone numbers "only for the purpose of verifying the mailing addresses of putative plaintiffs."[15]

**C. Defendant is ordered to post the approved notice.**

Plaintiffs request that the Court require Defendant to post the approved notice to "putative opt-in plaintiffs, in both English and Spanish, in conspicuous locations where it employs hourly production employees who are subjected to Defendant's gang time practices at its Arkansas City facility." Defendant does not respond to this request. Nonetheless, the Court attempts to discern

---

[13] *Hobbs,* 2011 WL 484194, at *1; *Hadley v. Wintrust Mortg. Corp.,* 2011 WL 4600623, at *4 (D. Kan. Oct. 3, 2011).

[14] *Hadley,* 2011 WL 4600623, at *4 (citing *Wass. v. NPC Int'l., Inc.,* 2011 WL 1118774, at *12 (D. Kan. March 28, 2011)).

[15] *Hadley,* 2011 WL 4600623, at *4.

what possible concerns such a posting might raise.  Such concerns include those that posting notice in multiple offices might be unduly burdensome and that the proposed notice will not reach more putative plaintiffs than the mailed notice itself.[16]

It does not appear that requiring Defendant to post the notice would be unduly burdensome. Plaintiffs only request that notice be posted in the Arkansas City plan – not at multiple locations. Further, such notice might reach more potential plaintiffs than the mailed notice.  For example, it seems possible that with what appears to be a largely Spanish-speaking workforce, class counsel might have difficulty communicating with some individuals when attempting to obtain updated address information on the telephone.  The required posting in Spanish and English might provide additional reassurance that as many potential plaintiffs receive notice as possible.

**IT IS ACCORDINGLY ORDERED** that Plaintiffs' motion for conditional certification (Doc. 43) is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant provide Plaintiffs with names, addresses, and telephone numbers of each of the class members in an easily malleable format, such as Microsoft Excel, in order to assist with the issuance of class notice; that Plaintiffs' proposed notice is approved;  that Defendant post the approved notice in both English and Spanish in conspicuous locations where it employs hourly production employees who are subjected to its "gang time" practices at the Arkansas City facility; that Paz Sanchez and Elvis Posadas are approved as class representatives; and that Plaintiffs' counsel is approved as class counsel in this matter.

---

[16] *See, e.g., Wass,* 2011 WL 1118774, at *12 (refusing to order defendant to post notice primarily because Plaintiffs requested posting notices in over 1,000 locations; such posting did not account for consent forms; and such posting would not reach more potential class members than the mailed notice).

**IT IS SO ORDERED.**

Dated this 6th day of February, 2012, in Wichita, Kansas.

*Eric F. Melgren*

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE